HORNBERGER et al. v. FEDER et al.

(Supreme Court, Appellate Term.  December 28, 1899.)

1. SALES—RESCISSION.
   A claim that a sale was rescinded, which is based upon an instruction from the husband of the buyer to the seller to come and take the goods away, cannot be sustained in the absence of proof that the husband had authority to give such instruction.

2. SAME.
   The title to property sold cannot be revested in the seller by a rescission of the sale, but only by resale, where the contract of sale remains in no sense executory, and there has been a perfect delivery, and no pretense of fraud is made.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Louis Hornberger and another against Annie Feder and Samuel I. Abramson, as marshal.  From a judgment for plaintiffs, defendants appeal.  Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Blaw & Lesser, for appellants.
Herman G. Loew, for respondents.

LEVENTRITT, J.  The question presented for review is whether there was a rescission of a contract of sale after delivery of the chattels, so as to support an action for their recovery as against an attaching creditor.  On the 29th day of May, 1899, the plaintiffs sold and delivered to the defendant Annie Feder 36 barrels of flour.  On the 12th day of June, 1899, the defendant Abramson, as a marshal of the city of New York, levied on the flour under a warrant of attachment against the property of the defendant Feder. Three days later the plaintiffs replevied the flour from the defendants, and have since retained the possession thereof.  On the trial the plaintiffs sought to justify the writ by an alleged rescission of the sale.  The plaintiff Hornberger testified on his direct examination that on the day preceding the issuance of the warrant the defendant Feder sent him "word she didn't want the goods," and on his cross-examination he added, "She notified me through her husband, who came around and told us to take the goods away."  He further testified that on the morning of the levy he went to the premises of the defendant Feder, but found the marshal already in possession of the flour.  Hornberger's father, called as a witness, claimed to have preceded the marshal by half an hour, and to have notified the latter that the flour belonged to his son.  This summarizes all the testimony in support of rescission.  Inasmuch as the rescission is predicated solely on the direction of the defendant's husband to the plaintiffs, it would, perhaps, be sufficient to point out the complete absence of proof indicating authority in him to give such direction.  This omission, emphasized by the defendant Feder's assertion that he had no authority, would in itself require a reversal of the judgment.  There is, however, a further ground,

61 N.Y.S.—55

not dependent on his authority. We are of the opinion that, as a matter of law, there was no rescission of the sale. The title of the defendant Feder had been perfected. There had been a perfect delivery. The contract remained in no respect executory, and no pretense of fraud was made. The plaintiffs, under those circumstances, could not become revested with the title to the flour by a rescission, but only by a resale. The fact that for a period of two weeks the defendant Feder was in undisputed possession, and that her right of ownership was both exercised and recognized, indicates clearly that the property was hers, and so continued unless by a new contract she resold to the plaintiffs. There is no claim that there was such a resale, and, if made, it could not prevail, because there was no compliance with the provisions of the statute of frauds. This case is analogous to that of Blanchard v. Trim, 38 N. Y. 225, which is an authority for this reversal.

Judgment reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.